# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **JERI REID,**<br><br>　　　　　　　**Plaintiff,**<br><br>v.<br><br>**UNUM LIFE INSURANCE COMPANY of AMERICA,**<br><br>　　　　　　　**Defendant.** | Civil Action No. <u>3:21-CV-23-DJH</u><br><br>**COMPLAINT** |

## Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy insured by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Jeri Reid ("Dr. Reid") is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability insurance policy ("Policy") at issue in this lawsuit.

7. Defendant Unum Life Insurance Company of America ("Unum") is the insurer of the Policy at issue in this lawsuit. Unum does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.

## Facts

8. Dr. Reid is insured under a long-term disability insurance policy issued by Unum.

9. Dr. Reid ceased work in March 2020 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Dr. Reid has remained continuously disabled and unable to perform the duties necessary to engage in either her prior employment or any gainful employment.

10. Unum agreed Dr. Reid was disabled and provided her with short-term disability benefits through September 2020.

11. In a letter dated October 21, 2020, Unum notified Dr. Reid that her long-term disability benefits under the Policy had been denied.

12. At the time Unum denied her long-term disability benefits, Dr. Reid's disabling conditions had not improved and her corresponding treatment regimen had not changed.

13. The denial of Dr. Reid's disability benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including, *inter alia*:

- Failing to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

- Failing to provide a claim process that is conducted by an appropriate named fiduciary of the plan.

- Utilizing claim procedures that unduly inhibit or hamper the initiation or processing of a claim for benefits.

- Utilizing claim procedures that do not contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents.

- Utilizing claim procedures that do not ensure that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision.

- Failing to notify the claimant, in accordance of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan.

- Failing to notify the claimant prior to the expiration of the initial 45-day period of the circumstances requiring an extension of time and the date by which the plan expects to render a decision.

- Failing to provide a notice of extension that specifically explains the standards on which entitlement to a benefit is based, the unresolved issues that prevent a decision on the claim, and the additional information needed to resolve those issues.

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration.

- Failing to provide a written notification of an adverse benefit

       determination that provides an explanation of the specific internal rules, guidelines, protocols, standards, or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

- Failing to provide a written notification of an adverse benefit determination that contains a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

- Failing to provide an appeal process that does not afford deference to the initial adverse benefit determination.

- Failing to provide an appeal process that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

- Failing to provide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination.

14.    In administering Dr. Reid's claims, as the denial letter makes clear, Unum actively sought to deny her long-term disability benefits.

15.    Unum's decision to deny Dr. Reid's long-term disability benefits was made by Michelle Smithson (Ms. Smithson).

16.    Ms. Smithson is not an Unum employee.

17.    Unum does not have any employees.

18.    Ms. Smithson is employed by Unum Group, a separate legal entity from Unum.

19.    Pursuant to a written agreement with Unum, Unum Group administers claims under the Policies including issuing claim approvals and denials.

20. Unum Group claim decisions are not reviewed by Unum.

21. Dr. Reid has met and continues to meet the requirements of the Policy necessary to continue receiving disability benefits.

22. At all times relative hereto, Unum has been operating under an inherent and structural conflict of interest because any disability benefits provided to Dr. Reid are paid from Unum's own assets with each payment depleting those same assets.

23. Unum's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

24. Employees who save Unum money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

25. Based on Unum's failure to strictly adhere to the ERISA claim regulations (*see supra*), Dr. Reid is deemed to have exhausted her administrative remedies and is entitled to pursue the relief requested herein.[1]

26. Unum's failure to strictly adhere to the ERISA claim regulations was **not** *de minimis*, but represents a pattern and practice of violating the claim regulations.

27. Unum's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Dr. Reid.

28. Dr. Reid requested a written explanation from Unum for its violations of the

---

[1] *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

ERISA claim regulations and why her administrative remedies should not be deemed exhausted.

29. Unum declined to provide the required explanation and instead instructed Dr. Reid to file an appeal.

30. Dr. Reid's complaint is timely and is not otherwise time barred.

31. The Policy does not confer discretion on Unum.

32. The Policy does not permit Unum to delegate any discretion to Unum Group, or any other entity.

## Claims

**A.  Breach of Contract**

33. The Policy constitutes a written contract.

34. Unum breached the terms of the Policy by, among other things, improperly denying Dr. Reid's long-term disability benefits.

35. Unum's breach damaged Dr. Reid, not only in the loss of her long-term disability benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

36. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Dr. Reid to enforce the contractual terms of the Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.  Attorneys' Fees & Costs**

37. As a result of Unum's improper conduct, Dr. Reid has incurred attorneys' fees and costs.

38. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Dr. Reid to recover her reasonable attorneys' fees and costs.

**Prayer for Relief**

39. Dr. Reid requests the Court enter judgment in her favor and against Unum on all claims asserted herein, to include legal and equitable relief as appropriate.

40. Dr. Reid requests the Court award reasonable attorneys' fees and costs.

41. Dr. Reid requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Unum on the unpaid benefits.

42. Dr. Reid requests the Court award any and all other legal or equitable relief to which she may be entitled.

43. Dr. Reid requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

44. Dr. Reid requests the Court deem her pleadings to confirm to the evidence.

* * * * * * * * * *

Dated:  January 12, 2021                     Respectfully submitted,

s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

***Counsel for Plaintiff Jeri Reid***